

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00107-CR

STEPHEN RILEY KING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30454

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Stephen Riley King agreed to plead guilty to three counts of aggravated sexual assault and one count of indecency with a child by sexual contact.[1]  *See* TEX. PENAL CODE ANN. §§ 22.021, 21.11(a).  King elected to have the jury assess punishment, which resulted in prison sentences of twenty years, eight years, five years, and two years, respectively.[2]  Despite the trial court's certification that this was a plea-agreement case and that he had no right of appeal, King timely filed a notice of appeal.  Because we find that we are without jurisdiction, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)     those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)     after getting the trial court's permission to appeal, or
> >
> > (C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).  There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that King filed a motion that was ruled on before trial, or (3) that King obtained the trial court's permission to appeal.  To the contrary, the

---

[1]In exchange for his guilty plea, the State declined to charge King with delivery of a controlled substance to a minor and online solicitation of a minor.

[2]The trial court ordered the sentences to run consecutively.

trial court's certification of King's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On June 13, 2024, we informed King of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. King did not file a response to our June 13 correspondence.

Because King has no right of appeal due to his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     September 9, 2024
Date Decided:       September 10, 2024

Do Not Publish

3